UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ANTHONY ERNST FAIN,<br><br>                          Petitioner,<br><br>     v.<br><br>ROB MCKENNA,<br><br>                          Respondent. | No. C10-5054 BHS/KLS<br><br>**REPORT AND RECOMMENDATION**<br>**Noted for:  September 10, 2010** |

Petitioner Anthony Ernst Fain seeks federal habeas corpus relief pursuant to 28 U.S.C. § 2254.  This case has been referred to United States Magistrate Judge Karen L. Strombom pursuant to Title 28 U.S.C. § 636 (b) (1) and Local MJR 3 and 4.  Mr. Fain seeks to challenge his 2006 convictions for first degree assault, second degree assault and first degree unlawful possession of a firearm.  Dkt. 5.   Respondent filed a response and submitted relevant portions of the State court record.  Dkts. 12 and 13.

Upon review, it is the court's recommendation that Mr. Fain's petition be dismissed with prejudice as his claims are unexhausted and he is procedurally barred from filing a personal restraint petition in the Washington State courts because his claims are time-barred.

**JURISDICTION**

Mr. Fain named the Washington Attorney General Robert McKenna as the Respondent in his habeas petition.  However, Stephen D. Sinclair is the current superintendent of the Washington State Penitentiary where Mr. Fain is incarcerated.  Respondent maintains that because Mr. Fain failed to name the proper respondent, the petition should be dismissed for lack

REPORT AND RECOMMENDATION - 1

of jurisdiction.  A petitioner seeking habeas corpus relief under 28 U.S.C. § 2254 must name the state officer having custody of him as the respondent to the petition.  Rule 2(a), 28 foll. U.S.C. § 2254; *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir.1996); *Stanley v. Cal. Supreme Court*, 21 F.3d 359, 360 (9th Cir.1994).  Normally, the person having custody of an incarcerated petitioner is the warden of the prison in which the petitioner is incarcerated because the warden has "day-to-day control over" the petitioner.  *Brittingham v. United States*, 982 F.2d 378, 379 (9th Cir.1992).

Failure to name the petitioner's custodian deprives federal courts of personal jurisdiction over the custodian.  *See Stanley*, 21 F.3d at 360.  However, the State may waive the lack of personal jurisdiction on the custodian's behalf.  *See Smith v. Idaho*, 392 F.3d 350, 356 (9th Cir.2004) ("Because the custodian is the state's agent – and the state is therefore the custodian's principal – the state may waive the lack of personal jurisdiction on the custodian's behalf.").  Here, the Washington State Attorney General docketed the response and submitted the state court record on behalf of Steve Sinclair.  *See* docket entries 12 and 13.  In addition Rule 2, 28 foll. U.S.C. § 2254 advisory committee notes ("the judge may require or allow the petitioner to join an additional or different party as a respondent if to do so would serve the ends of justice.").

Accordingly, Stephen D. Sinclair may be substituted as the proper Respondent in this habeas action.

## STATEMENT OF PROCEDURAL HISTORY

Mr. Fain is in the custody of the Washington Department of Corrections pursuant to a conviction by jury verdict for first degree assault and by plea for second degree assault and first degree unlawful possession of a firearm, committed on August 11, 2006.  Dkt. 13, Exh. 1.  The

REPORT AND RECOMMENDATION - 2

Pierce County Superior Court (the Honorable Beverly Grant) sentenced him to 378 months of confinement. *Id.* at 5. His early release date is in 2035. *Id.*, Exh. 2.

The State charged Mr. Fain with first degree assault against Christopher and Valeria Jiles. The jury was unable to reach a verdict with respect to Valeria Jiles. The trial court declared a mistrial at Mr. Fain's request, but before a new trial was scheduled the State lowered the charge to second degree assault and Mr. Fain pled guilty. Dkt. 13, Exh. 3.

Through counsel and pro se, Mr. Fain appealed to the Washington Court of Appeals, where he presented the following issues:

1.    The trial court erred by denying his motion to dismiss the first degree assault charge against Valeria Jiles for insufficiency of evidence.

2.    He received ineffective assistance of counsel because defense counsel (1) failed to impeach a witness that Fain believed was lying and (2) failed to show Fain discovery materials when he asked to see them.

3.    The testimony at trial was inconsistent because each witness testified to a different version of the argument between Christopher Jiles on August 11, 2006.

4.    The court erred by not giving the lesser included offense instruction for the first degree assault against Christopher Jiles (as the court had done with regard to the first degree assault against Valeria Jiles).

Dkt. 13, Exhs. 3-5.

The court denied the appeal in an unpublished opinion. *Id.*, Exh. 3. Pro se, Mr. Fain petitioned for review in the Washington Supreme Court, raising the following issues:

1.    Did the state fail to prove the essential element of assault against the victim's wife.

2.    Did the trial court err in denying Fain's motion to dismiss count III where the evidence did not establish that Fain committed assault against the victim's wife.

*Id.*, Exh. 7.

REPORT AND RECOMMENDATION - 3

1
2
3
4

The Washington Supreme Court denied review without comment on March 31, 2009. *Id.*, Exh. 8. The Court of Appeals issued its mandate on April 9, 2009. *Id.*, Exh. 9. Mr. Fain did not file a collateral attack of his sentence.

5

## ISSUES PRESENTED

6

Mr. Fain presents two issues for review in his habeas petition, summarized as follows:

7
8

1.    The trial court erred by not giving the jury a lesser included offense instruction on second degree assault for the first degree assault charge against Christopher Jiles (Count II).

9
10
11

2.    Trial counsel rendered ineffective assistance by failing to ensure the jury received a lesser included offense instruction on second degree assault for the first degree assault charge against Christopher Jiles (Count II).

12

Dkt. 5, pp. 6, 10 (CM/ECF pagination).

13

## EVIDENTIARY HEARING

14
15
16
17
18
19

In a proceeding instituted by the filing of a federal habeas corpus petition by a person in custody pursuant to a judgment of a state court, the "determination of a factual issue" made by that court "shall be presumed to be correct." 28 U.S.C. § 2254(e)(1). Under 28 U.S.C. § 2254(e)(1), the petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." *Id.*

20
21
22
23
24
25
26

Where a petitioner "has diligently sought to develop the factual basis of a claim for habeas relief, but has been denied the opportunity to do so by the state court," an evidentiary hearing in federal court will not be precluded. *Baja v. Ducharme*, 187 F.3d 1075, 1078-79 (9th Cir. 1999) (quoting *Cardwell v. Greene*, 152 F.3d 331, 337 (4th Cir. 1998)). On the other hand, if the petitioner fails to develop "the factual basis of a claim" in the state court proceedings, an evidentiary hearing on that claim shall not be held, unless the petitioner shows:

REPORT AND RECOMMENDATION - 4

(A)      the claim relies on--

(i)      a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

(ii)      a factual predicate that could not have been previously discovered through the exercise of due diligence; and

(B)      the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.28 U.S.C. § 2254(e)(2).

An evidentiary hearing "is required when the petitioner's allegations, if proven, would establish the right to relief." *Totten v. Merkle*, 137 F.3d 1172, 1176 (9th Cir. 1998).  It "is not required on issues that can be resolved by reference to the state court record."  *Id*.  As the Ninth Circuit has stated, "[i]t is axiomatic that when issues can be resolved with reference to the state court record, an evidentiary hearing becomes nothing more than a futile exercise."  *Id*.; *United States v. Birtle*, 792 F.2d 846, 849 (9th Cir. 1986) (evidentiary hearing not required if motion, files and records of case conclusively show petitioner is entitled to no relief) (quoting 28 U.S.C. § 2255).

In this case, there is no indication that an evidentiary hearing would in any way shed new light on the grounds for federal habeas corpus relief raised in his petition.  See *Totten*, 137 F.2d at 1177.  The question of whether Mr. Fain has properly exhausted his claims for relief is a legal question that may be resolved by reference to the record before this Court.  Accordingly, the court finds that an evidentiary hearing is not required.

## STANDARD OF REVIEW

This court's review of the merits of Mr. Fain's claims is governed by 28 U.S.C. §2254(d)(1).  Under that standard, the court cannot grant a writ of habeas corpus unless a

REPORT AND RECOMMENDATION - 5

petitioner demonstrates that he is in custody in violation of federal law and that the highest state court decision rejecting his ground was either "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(c) and (d)(1). The Supreme Court holdings at the time of the state court decision will provide the "definitive source of clearly established federal law." *Van Tran v. Lindsey*, 212 F.3d 1143, 1154 (9th Cir. 2000), overruled in part on other grounds by *Lockyer v. Andrade*, 538 U.S. 63, 123 S.Ct. 1166, 155 L.Ed.2d 144 (2003).   A determination of a factual issue by a state court shall be presumed correct, and the applicant has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. §2254(e)(1).

The court "is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Id.* at 68; see also *Smith v. Phillips*, 455 U.S. 209, 221 (1982) ("Federal courts hold no supervisory authority over state judicial proceedings and may intervene only to correct wrongs of constitutional dimension."). In addition, for federal habeas corpus relief to be granted, the constitutional error must have had a "substantial and injurious effect or influence in determining the jury's verdict." *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993) (citation omitted).

## DISCUSSION

Respondent contends that Mr. Fain failed to exhaust his claims within the meaning of 28 U.S.C. § 2254(b) because he failed to properly raise the claims at every level of the state courts' review and those claims are now procedurally barred in state court because they are time-barred. Each of Mr. Fain's claims is addressed separately below.

REPORT AND RECOMMENDATION - 6

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

**A.      Exhaustion of State Court Remedies**

Section 2254(b)(1) provides that a habeas petition must be denied if the petitioner failed to exhaust his state court remedies.  28 U.S.C. § 2254(b)(1), (c); *Duncan v. Henry*, 513 U.S. 364, 365-66 (1995); *Picard v. Connor*, 404 U.S. 270, 275 (1971).  In order to exhaust state remedies, the petitioner must "fairly present" his federal claims to the state courts thereby giving the state the opportunity to address and correct alleged violations of the petitioner's federal rights. *Duncan*, 513 U.S. at 365; *Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir.1999); *Johnson v. Zenon*, 88 F.3d 828, 830 (9th Cir.1996).  "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."  *O'Sullivan v. Voerckel*, 526 U.S. 838, 845, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999).

A complete round of the state's established review process includes presentation of a petitioner's claim to the state's highest court.  *James v. Borg*, 24 F.3d 20, 24 (9th Cir. 1993), cert. denied 513 U.S. 935 (1994).  However, "[s]ubmitting a new claim to the state's highest court in a procedural context in which its merits will not be considered absent special circumstances does not constitute fair presentation."  *Roettgen v. Copeland*, 33 F.3d 36, 38 (9th Cir. 1994) (citing *Castille v. Peoples*, 489 U.S. 346, 351 (1989)).  Consequently, presentation of a federal claim for the first time to a state's highest court on discretionary review does not satisfy the exhaustion requirement.  *Castille*, 489 U.S. at 351; *Casey v. Moore*, 386 F.3d 896, 915-18 (9th Cir. 2004), cert. denied 545 U.S. 1146 (2005).  But see *Ylst v. Nunnemaker*, 501 U.S. 797, 801 (1991) ("If the last state court to be presented with a particular federal claim reaches the merits, it removes any bar to federal-court review that might otherwise have been available").

REPORT AND RECOMMENDATION - 7

"To 'fairly present' his federal claim to the state courts, [petitioner] had to alert the state courts to the fact that he was asserting a claim under the United States Constitution." *Hiivala*, 195 F.3d at 1106 (citing *Duncan*, 513 U.S. at 365-66).  The Supreme Court stated in *Gray v. Netherland* that to "fairly present" a claim to the state court, "it is not enough to make a general appeal to a constitutional guarantee as broad as due process to present the 'substance' of a claim."  Rather, the petitioner "must include reference to a specific federal constitutional guarantee, as well as a statement of the facts that entitle the petitioner to relief."  518 U.S. 152, 162-63 (1996).

If a petitioner fails to obey state procedural rules, the state court may decline review of a claim based on that procedural default.  *Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991).  If the state court clearly and expressly states that its judgment rests on a state procedural bar, the petitioner is barred from asserting the same claim in a habeas proceeding.  *Harris v. Reed*, 489 U.S. 255, 263 (1989); *Noltie v. Peterson*, 9 F.3d 802, 805 (9th Cir. 1993); *Shumway v. Payne*, 223 F.3d 982 (9th Cir. 2000).  A claim is also barred, despite the absence of a "plain statement," where the petitioner failed to exhaust state remedies, and the state courts would now find the claim to be procedurally barred under state law.  *Coleman*, 501 U.S. at 735 n. 1; *Noltie*, 9 F.3d at 805.  Washington law bars a defendant from filing a petition more than one year after the judgment becomes final.  RCW 10.73.090.  State law also bars the filing of more than one collateral challenge to a judgment and sentence.  RCW 10.73.140; RAP 16.4(d).

### 1.     First Claim – Failure to Give Lesser Included Offense Instruction

In his first claim for federal habeas relief, Mr. Fain argues that the trial court erred by not giving the jury a lesser included offense instruction on second degree assault for the first degree assault charge against Christopher Jiles.  Dkt. 5, pp. 6, 9.  Mr. Fain raised this claim before the

Washington Court of Appeals.  Dkt. 13, Exh. 5, p. 2; Exh. 7, pp. 2-3.  As noted above, Mr. Fain

argued that the jury should have been given the same lesser offense instruction that was given as

to the assault against Valeria Jiles.  Dkt. 13, Exh. 3, p. 10.  However, he raised the issue as a state

court issue only.  State courts are not required to comb the record in order to discover the federal

nature of the prisoner's claim; the federal claim must be contained within the four corners of the

prisoner's state court brief or petition.  *Baldwin v. Reese*, 541 U.S. 27, 31-32 (2004).

In addition, Mr. Fain did not raise the issue at all in the Washington Supreme Court.  Dkt.

13, Exh. 7.  There, he argued that the evidence was insufficient to convict him for the assault

against Valeria Jiles, but he did not raise any issue relating to a lesser included offense jury

instruction.  *Id.*

Therefore, Mr. Fain failed to fairly present his first claim as a federal constitutional claim

in a complete round of the state's established review process prior to filing his claim in federal

court.  His first claim for federal habeas relief is, therefore, unexhausted and must be dismissed.

**2.      Second Claim – Ineffective Assistance of Counsel**

In his second claim for federal habeas relief, Mr. Fain argues that his trial counsel

rendered ineffective assistance when he failed to ensure that the jury received a lesser included

offense instruction regarding assault two as to Count II.  Dkt. 5, p. 10.  Mr. Fain did not raise this

claim in either the Washington Court of Appeals or the Washington Supreme Court.  Dkt. 13,

Exhs. 4, 5 and 7.  In the Washington Court of Appeals, Mr. Fain argued that he received

ineffective assistance of counsel because defense counsel (1) failed to impeach a witness that

Fain believed was lying and (2) failed to show Fain discovery materials when he asked to see

them.  *Id.*, Exh. 3.  In the Washington Supreme Court, Mr. Fain presented no ineffective

assistance of counsel claims.  *Id.*, Exh. 7.

REPORT AND RECOMMENDATION - 9

Therefore, Mr. Fain failed to fairly present his second claim as a federal constitutional claim in a complete round of the state's established review process prior to filing his claim in federal court. His second claim for federal habeas relief is, therefore, unexhausted and must be dismissed.

Because Mr. Fain's first habeas claim was not raised as a federal constitutional violation in either the Washington Court of Appeals or the Washington Supreme Court, it is unexhausted.

Respondent also asserts that Mr. Fain is now time-barred under RCW 10.73.090 from filing a personal restraint petition to properly exhaust these claims unless he can demonstrate good cause why he failed to raise this claim in his first petition. The court turns now to issue of procedural default.

**B.     Procedural Default**

If a petitioner fails to obey state procedural rules, the state court may decline review of a claim based on that procedural default. *Wainwright v. Sykes*, 433 U.S. 72 (1977). State procedural rules serve an important interest in protecting the finality of judgments, and significant harm may result if the federal courts fail to respect those rules. *Coleman v. Thompson*, 501 U.S. 722, 749-750 (1991). If the state court clearly and expressly states that its judgment rests on a state procedural bar, the petitioner is barred from asserting the same claim in a federal habeas corpus proceeding. *Harris v. Reed*, 489 U.S. 255, 263 (1989); *Noltie v. Peterson*, 9 F.3d 802, 805 (9th Cir. 1993). The federal court must honor the state's procedural bar ruling even if the state court reaches the merits of the federal claim in an alternative holding. *Harris*, 489 U.S. at 264 n.10; *Cavanaugh v. Kincheloe*, 877 F.2d 1443, 1447 n.2 (9th Cir. 1989). A claim is also barred, despite the absence of a "plain statement", where the petitioner failed to

REPORT AND RECOMMENDATION - 10

exhaust state remedies and the state courts would now find the claim to be procedurally barred. *Noltie*, 9 F.3d at 805.

Mr. Fain is now barred from presenting his claims in a future personal restraint petition to the Washington courts under the independent and adequate state procedural bar of RCW 10.73.090(1).  Under Washington law, a defendant may not collaterally challenge a conviction more than one year after the conviction becomes final.  RCW 10.73.090(1).  Mr. Fain's convictions became final for purposes of state law on April 9, 2009, the date that the Washington Court of Appeals issued its mandate in his direct appeal.  RCW 10.73.090(3); Dkt. 13, Exh. 9. Because more than one year has passed since his conviction became final, the claims are now time-barred in state court.  RCW 10.73.140.   Because his claims are procedurally barred under Washington law, the claims are not cognizable in a federal habeas corpus petition absent a showing of cause and prejudice or actual innocence.

## C.    Cause and Prejudice or Fundamental Miscarriage of Justice

Unless it would result in a "fundamental miscarriage of justice", a petitioner who procedurally defaults may receive review of the defaulted claims only if he demonstrates "cause" for his procedural default and "actual prejudice" stemming from the alleged errors.  *Coleman*, 501 U.S. at 750.  To show "cause", the petitioner must show that some objective factor, external to the petitioner, prevented compliance with the state's procedural rule.  *Id.* at 752; *Alderman v. Zant*, 22 F.3d 1541, 1551 (11th Cir. 1994).  The factor must not only have been external and objective, but it must have actually caused the petitioner's failure to properly exhaust a claim in compliance with state procedural rules.  *Burks v. Dubois*, 55 F.3d 712, 717 (1st Cir. 1995).  "The fact that [a petitioner] did not present an available claim or that he chose to pursue other claims does not establish cause."  *Martinez-Villareal v. Lewis*, 80 F.3d 1301, 1306 (9th Cir. 1996).

REPORT AND RECOMMENDATION - 11

A petitioner can demonstrate "cause" by showing interference by state officials, the unavailability of the legal or factual basis for a claim, or constitutionally ineffective assistance of counsel. *MurFain v. Carrier*, 477 U.S. 478, 488 (1986). A petitioner cannot demonstrate cause to excuse a procedural default where the cause is fairly attributable to the petitioner's own conduct. *McCoy v. Newsome*, 953 F.2d 1252, 1258 (11th Cir. 1992). A petitioner cannot show cause for a procedural default where the petitioner bears "the costs associated with an ignorant or inadvertent procedural default" or "where the failure to raise a claim is a deliberate strategy." *Coleman*, 501 U.S. at 752. "An evidentiary hearing is not necessary to allow a petitioner to show cause and prejudice if the court determines as a matter of law that he cannot satisfy the standard." *Clark v. Lewis*, 1 F.3d 814, 820 (9th Cir. 1993).

Allegations of ineffective assistance of counsel in post-conviction collateral proceedings do not excuse a procedural default. See *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Wainwright v. Torna*, 455 U.S. 586 (1982); *Ortiz v. Stewart*, 149 F.3d 923 (9th Cir. 1998); *Vickers v. Stewart*, 144 F.3d 613, 617 (9th Cir. 1998); *Gallego v. McDaniel*, 124 F.3d 1065, 1078 (9th Cir. 1997); *Nevius v. Sumner*, 105 F.3d 453, 460 (9th Cir. 1996); *Moran v. McDaniel*, 80 F.3d 1261, 1271 (9th Cir. 1996); *Miller v. Keeney,* 882 F.2d 1428, 1432 (9th Cir. 1989).

Similarly, a petitioner's own inadequacies and lack of expertise in the legal system do not excuse a procedural default. *Hughes v. Idaho State Bd. of Corrections*, 800 F.2d 905, 907-09 (9th Cir. 1986); *Thomas v. Lewis*, 945 F.2d 1119 (9th Cir. 1991).

Mr. Fain has made no showing that some objective factor external to his defense prevented him from complying with the procedural rules of the Washington courts. Because Mr. Fain "cannot establish any reason, external to him, to excuse his procedural default," this Court need not address the issue of actual prejudice." *Boyd*, 147 F.3d at 1127; *Thomas v. Lewis*, 945

1    F.2d 1119, 1123 n.10 (9th Cir. 1991).  Furthermore, because Mr. Fain does not present new

2    evidence of actual innocence, this is not the kind of extraordinary instance where the petition

3    should be granted despite the absence of a showing of cause.  *McCleskey*, 499 U.S. at 494;

4    *MurFain*, 477 U.S. at 495-96.  See also, *Schlup v. Delo*, 115 S. Ct. 851, 867 (1995) ("The

5    exception is available only where the petitioner 'supplements his constitutional claim with a

6    colorable showing of factual innocence.'")

7

8         Accordingly, the undersigned concludes that Mr. Fain's unexhausted claims fail to

9    present cognizable grounds for federal habeas corpus relief.

10                       **CERTIFICATE OF APPEALABILITY**

11        A petitioner seeking post-conviction relief under § 2254 may appeal a district court's

12   dismissal of his federal habeas petition only after obtaining a certificate of appealability (COA)

13   from a district or circuit judge.  A COA may issue only where a petitioner has made "a

14   substantial showing of the denial of a constitutional right."  *See* 28 U.S.C. § 2253(c)(3).  A

15   petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the

16   district court's resolution of his constitutional claims or that jurists could conclude the issues

17   presented are adequate to deserve encouragement to proceed further."  *Miller-El v. Cockrell*, 537

18   U.S. 322, 327 (2003).

19

20        When the court denies a claim on procedural grounds, the petitioner must show that

21   jurists of reason would find it debatable whether the petition states a valid claim of the denial of

22   a constitutional right and that jurists of reason would find it debatable whether the district court

23   was correct in its procedural ruling.  *Slack v. McDaniel,* 120 S.Ct. 1595, 1604 (2000)

24        There is nothing in the record to support a conclusion that jurists of reason would find it

25   debatable whether the district court was correct in its procedural ruling.  Mr. Fain's habeas

26

REPORT AND RECOMMENDATION - 13

claims were unexhausted in state court and he is now barred from collaterally challenging his

conviction in state court.

**CONCLUSION**

Mr. Fain failed to properly exhaust his claims because he failed to fairly present the

claims to the Washington Supreme Court.  He is now procedurally barred from presenting these

claims in state court because they are time-barred.  Because the claims are unexhausted and

procedurally barred and Mr. Fain has made no showing of cause and prejudice or actual

innocence, the petition should be **Denied and Dismissed With Prejudice.**  The court should also

substitute Stephen D. Sinclair, Superintendent of the Washington State Penitentiary, as

Respondent.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil

Procedure, the parties shall have fourteen (14) days from service of this Report and

Recommendation to file written objections.  See also Fed. R. Civ. P. 6.  Failure to file objections

will result in a waiver of those objections for purposes of appeal.  *Thomas v. Arn*, 474 U.S. 140

(1985).  Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the

matter for consideration on **September 10, 2010**, as noted in the caption.

DATED this  16th  day of August, 2010.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 14